IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MARY EMMA MORTON,** | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| VS. | § | _____ |
| | § | |
| | § | |
| **THE UNITED STATES OF AMERICA,** | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, MARY EMMA MORTON, Plaintiff, and files this her Original Complaint against THE UNITED STATES OF AMERICA, Defendant, and for cause of action would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises as a result of a motor vehicle accident which injured MARY EMMA MORTON, on September 8, 2020.

### PARTIES

2. Plaintiff, MARY EMMA MORTON ("Plaintiff"), is an individual residing in Mount Enterprise, Rusk County, Texas, is a citizen of the State of Texas, and thus is a resident of the Eastern District of Texas.

3. Defendant, THE UNITED STATES OF AMERICA ("Defendant" or "THE UNITED STATES OF AMERICA"), may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on Brit Featherston, the United States Attorney for the Eastern District of Texas, by certified mail, return receipt requested, at his office at 550 Fannin, Suite 1250, Beaumont,

Texas 77701.

Service is also affected by serving a copy of the Summons and Complaint on William Barr, Attorney General of the United States, by certified mail, return receipt requested, at: Merrick Garland, The Attorney General's Office, ATTN: Civil-Process Clerk, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this lawsuit because this action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*. and 28 U.S.C. §1346(b). The claims herein are brought against THE UNITED STATES OF AMERICA for money damages as compensation for loss of property and personal injuries that were caused by the negligence and wrongful acts and omissions of employees of THE UNITED STATES OF AMERICA while acting within the course and scope of their offices and employment, under circumstances where THE UNITED STATES OF AMERICA, if a private person, would be liable to Plaintiff in accordance with the law of the State of Texas.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Rusk County, Texas, which is within the Eastern District of Texas.

## CONDITIONS PRECEDENT

6. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiff timely served notice of the claims on the appropriate federal agency.

8. The appropriate federal agency failed to make a final disposition of Plaintiff's claims within six months after Plaintiff's claims were filed, and such failure is deemed by Plaintiff to be a final denial pursuant to 28 U.S.C. §2675.

## FACTUAL BACKGROUND

9. On September 8, 2020, at approximately 7:31 a.m., Plaintiff was operating a 2015 Chevrolet Tahoe traveling southbound on U.S. Highway 259, stopped at a stop sign, at the intersection with State Highway 84, in Mount Enterprise, Texas. The United States Department of Homeland Security's employee, Andrew Christie, while driving a 2020 Toyota Camry leased by the United States Department of Homeland Security, was traveling northbound on U.S. Highway 259, approaching a stop sign at the intersection with State Highway 84, in Mount Enterprise, Texas. Suddenly and without warning, the driver of the 2020 Toyota Camry, United States Department of Homeland Security, employee Andrew Christie, failed to stop at the stop sign located at the intersection, impacted with a 2007 Dodge Durango that was traveling through the intersection, and continued traveling into the southbound lane of U.S. Highway 259, colliding with Plaintiff's vehicle, subjecting Plaintiff to tremendous force.

10. At the time of the occurrence, Andrew Christie was acting within the course and scope of his employment with the United States Department of Homeland Security.

## COUNT 1 - NEGLIGENCE

11. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates same as if set forth fully herein.

12. The Federal Tort Claims Act ("FTCA") is the sole remedy of claims of personal injuries or property damage to property "arising or resulting from the negligence or wrongful act

or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. 2679(b)(1).

13. At the time of and immediately before the occurrence in question and at all times relevant hereto, United States Department of Homeland Security employee Andrew Christie was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

   1. Violating Section 545.151 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

       (a) An operator approaching an intersection:

           (1) shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; and

           (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

   2. Violating Section 545.060 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

       (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
           (1) shall drive as nearly as practical entirely within a single lane; and
           (2) may not move from the lane unless that movement can be made safely.

   3. Failing to keep a proper lookout;
   4. Failing to timely apply brakes;
   5. Failing to control the vehicle;
   6. Failing to act and/or respond in a reasonable manner; and
   7. Failing to control the speed of the vehicle.

   Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

14. Defendant, THE UNITED STATES OF AMERICA, is liable for the damages proximately caused to Plaintiff by the conduct of United States Department of Homeland Security employee Andrew Christie because the United States Department of Homeland Security was the employer of Andrew Christie on the date that Andrew Christie negligently injured Plaintiff as alleged above, and Andrew Christie was acting within the course and scope of that employment when the injuries occurred or the United States Department of Homeland Security had the right to control the activities of Andrew Christie.

### DAMAGES TO PLAINTIFF

15. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates same as if set forth fully herein.

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Andrew Christie's acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness. Consequently, Plaintiff is entitled to the following items of damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

   B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

   E. Mental anguish in the past;

   F. Mental anguish which, in reasonable probability, will be suffered in the future;

    G.    Physical impairment in the past;

    H.    Physical impairment which, in reasonable probability, will be suffered in the future;

    I.    Physical disfigurement in the past;

    J.    Physical disfigurement which, in reasonable probability, will be suffered in the future;

    K.    Loss of earnings in the past; and

    L.    Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## PROPERTY DAMAGE

17.    Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates same as if set forth fully herein.

18.    Plaintiff has also suffered damages to her 2015 Chevrolet Tahoe as a result of this accident and United States Department of Homeland Security employee Andrew Christie's negligence, and Plaintiff should be reimbursed for those damages as well as for the loss of use of her motor vehicle, along with any other property damage sustained in the accident.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests Defendant be cited to appear and answer herein and that, upon final trial, Plaintiff recover the following:

    A.    Actual damages;

    B.    Post-judgment interest as allowed by law;

    C.    Court costs, fees and other expenses; and

      D.      Other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**GOUDARZI & YOUNG, L.L.P.**
P.O. Drawer 910
Gilmer, Texas 75644
Telephone: (903) 843-2544
Facsimile: (903) 843-2026
E-Serve: goudarziyoung@goudarzi-young.com

By: */s/ Brent Goudarzi*
      Brent Goudarzi
      Texas Bar No. 00798218
      Marty Young
      Texas Bar No. 24010502

**ATTORNEYS FOR PLAINTIFF**